# CHARLESTON.

KIMES v. SHOWALTER, JUDGE, *et al.*

Submitted October 25, 1910. Decided January 31, 1911.

1. BASTARDS—*Continuance—Recognizance.*
    Point 2 of the syllabus in *Bratt* v. *Cornwell*, 68 W. Va. 541, is herein applied.

2. SAME—*Default—Arrest.*
    When an accused in a bastardy case defaults the recognizance for his appearance to answer the charge, he may again be taken into custody by capias or other process of the court.

Rule by J. B. Kimes in prohibition against Charles M. Showalter, Judge, and others.

*Writ Refused.*

*Dave D. Johnson* and *C. N. Matheny,* for petitioner.

*Hiteshew & McDougle,* for respondents Judge Showalter and Maud Wigall.

*W. H. Wolf,* for W. B. Kincheloe, Sheriff.

ROBINSON, JUDGE:

J. B. Kimes was accused and arrested in bastardy proceedings instituted by Maud Wigall. Pursuant to recognizance by him given, he appeared in the court to which the charge was returnable. A new recognizance, for his appearance at the next term, was taken. Again he appeared, pleaded not guilty, and was tried on the charge. The jury returned a verdict of guilty. Later, at the same term, he was called and came not. His

default was entered of record. A capias for his re-arrest was ordered. No further order was made in the case for four years. He had left the state and could not be found. When he returned, he was taken into custody on a capias, brought into court, and judgment on the verdict was entered. That judgment ordered him to pay to the county court the sum of forty dollars a year for seven years, for the maintenance of the bastard child. The bond provided by the statute in relation to such judgment was required of the accused, and he was remanded to jail. Thereupon he sued out a rule in prohibition before one of the judges of this Court. He insists that his re-arrest, the judgment against him and the order remanding him to jail were not within the jurisdiction of the trial court. Demurrers and returns are entered, and the case submitted for our decision.

The point that the petitioner was discharged from the bastardy proceedings because the court did not enter formal orders continuing the case is settled in *Bratt* v. *Cornwell,* decided this term. In that case it is held that an order of continuance is not required to keep the recognizance of the accused in force and to hold him for appearance to answer. The recognizance remains in force until final judgment, unless it is superseded by a new one, or the accused is committed to jail in default of giving a new one when required.

The court had power to order the re-arrest of the accused when he defaulted his recognizance. It is not material as to the name of the process by which the re-arrest was made. It could be by capias or mere court order. The court is entitled to the actual custody of one charged with bastardy, unless he gives a recognizance for his appearance when the case is to be heard by the court and unless he abides by that recognizance. The proceedings are by the custody of the accused or a recognizance to guarantee that custody when the court demands it. Though civil in effect, in form the proceedings are criminal. If the accused does not answer his recognizance, nevertheless the court is entitled to his custody and may bring him in as he should have come. "One who, on bail, has forfeited his recognizance, is liable, even after it is paid, to be re-arrested and tried for his crime, whether felony or misdemeanor." 1 Bishop Crim. Pro., sec. 263a. Justice Story made this principle plain many years ago. *Ex parte Milburn,* 9 Pet. 710. As applied to a prosecution

in bastardy, it was even earlier enunciated in *Com.* v. *Thompson,* 3 Lit. (Ky.) 284. Mr. Bishop, in a connection other than that cited above, also iterates the point in this language: "One who has escaped from a lawful imprisonment, whether before or after sentence, is liable to be re-arrested. And it is the same with a prisoner not technically escaped, but set free on a condition which he has broken." 1 Crim. Pro., sec. 1382. The accused in bastardy, by the statutory procedure prescribed for bringing him to answer the civil ends of the case, is certainly a prisoner held by actual custody or recognizance. Lord Kenyon, more than a hundred years ago, sustained the re-arrest of a debtor in a civil suit who had been set free on a condition which he afterwards broke. *Puckford* v. *Maxwell,* 6 T. R. 52.

Surely, it cannot be maintained that the court did not have power to pass judgment on the verdict, and to remand the accused to jail, until he gave the statutory bond to perform the judgment. The court in this particular simply followed the statute. Code 1906, ch. 80, sec. 4. The power which it exercised is given there.

The rule is discharged; the writ is denied.

*Writ Denied.*